**UNITED STATES of America,**
**Appellee,**

v.

**Franklin J. McNAIR, Diana Marva McNair, Defendants–Appellees.**

**Docket Nos. 01–1626(L), 01–1635(CON).**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2002.

Peter J. Fabricant, New York, NY, for Defendants–Appellants, Franklin J. McNair.

Carolyn Pokorny, Assistant United States Attorney for the Eastern District of New York, NY, (Alan J. Vinegrad, United States Attorney, Breon S. Peace, Assistant United States Attorney, Susan Corkery, Assistant United States Attorney, on the brief), for Appellee.

Present JACOBS, POOLER, Circuit Judges, and BAER, Jr., District Judge.*

---

*SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Franklin J. McNair appeals from his conviction in the United States District Court for the Eastern District of New York (Trager, *J.*). A jury convicted McNair of conspiracy to make false statements to a federally insured bank and the making of those statements (both under 18 U.S.C. §§ 371 & 1014), along with two counts of mail fraud under 18 U.S.C. § 1341. McNair was sentenced to four concurrent terms of 51 months, a supervised release term of three years, and a special assessment of $400. On appeal, McNair challenges[1] the district court's restriction of testimony concerning the truthfulness of the government's informant, Lennox Slinger, and [2] an erroneous jury instruction concerning mail fraud.

■ Evidentiary rulings are reviewed for abuse of discretion. *United States v. Germosen,* 139 F.3d 120, 127 (2d Cir.1998). Under Fed.R.Evid. 806, "the credibility of the declarant may be attacked" only "[w]hen a hearsay statement, or a statement defined in Rule 801(d)(2)(C), (D), or (E), has been admitted in evidence." No such statement by Slinger was admitted into evidence. The government offered four tape-recordings containing his conversations with the defendants (and in one case, with an undercover FBI agent) for the limited purpose of admitting Diana McNair's statements under Rule 801. Slinger's statements "were not offered to prove the truth of the matters asserted but only to render what [Diana McNair] said in these conversations intelligible," and

---

therefore were not hearsay. *United States v. Sorrentino,* 72 F.3d 294, 298 (2d Cir.1995). Since Slinger did not testify and his statements were not hearsay, the district court properly barred the attack on his credibility. *See United States v. McGowan,* 58 F.3d 8, 15–16 (2d Cir.1995).

■ We review a district court's jury instruction *de novo. United States v. Masotto,* 73 F.3d 1233, 1238 (2d Cir.1996). It is well established that a conviction for mail fraud cannot stand if the defendant was not part of the scheme at the time the use of the mail occurred. *See Van Riper v. United States,* 13 F.2d 961, 967 (2d Cir.1926). Moreover, a member of a conspiracy cannot be convicted "for substantive offenses committed by the co-conspirators prior to the member's entry into the conspiracy." *United States v. Blackmon,* 839 F.2d 900, 909 (2d Cir.1988). As the government now concedes, the district court's instruction was erroneous.

Nevertheless, erroneous jury instructions are considered harmless error "if we are convinced that the error did not influence the jury's verdict." *Masotto,* 73 F.3d at 1239. Franklin McNair was charged with three counts of mail fraud, predicated on the registration of three fake deeds, which were then mailed to the "new" title holders. The fake deeds which caused the use of the mails were registered on September 7, 1999 (Count 4), December 20, 1999 (Count 5), and February 2, 2000 (Count 6). Franklin McNair was released from prison on September 1, 1999, less than a week before the registration of the first deed at issue here.

There was ample evidence introduced at trial indicating that Franklin McNair had participated in the scheme by the time that the last two mailings occurred. It would have been possible for the jury, misguided by the instruction, to convict him on Count 4 even though the jury found that the mailing pre-dated his participation. However, the jury acquitted Franklin McNair on Count 4 despite the district court's erroneous instruction. There is no similar basis to doubt his other convictions for mail fraud. Since no prejudice arose from the erroneous instruction in this case, the error was harmless.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**